Matter of Colleluori (2019 NY Slip Op 07578)





Matter of Colleluori


2019 NY Slip Op 07578


Decided on October 23, 2019


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 23, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
REINALDO E. RIVERA
MARK C. DILLON
RUTH C. BALKIN, JJ.


2018-01241

[*1]In the Matter of Anthony J. Colleluori, admitted as Anthony John Colleluori, an attorney and counselor-at-law. Grievance Committee for the Tenth Judicial District, petitioner; Anthony J. Colleluori, respondent. (Attorney Registration No. 1999770)



JOINT MOTION pursuant to 22 NYCRR 1240.8(a)(5) by the Grievance Committee for the Tenth Judicial District and the respondent, Anthony J. Colleluori, for discipline by consent. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on June 12, 1985, under the name Anthony John Colleluori.



Catherine A. Sheridan, Hauppauge, NY (Nancy B. Gabriel of counsel), for petitioner.
Foley Griffin, LLP, Garden City, NY (Chris McDonough of counsel), for respondent.



PER CURIAM.


OPINION & ORDER
The Grievance Committee for the Tenth Judicial District served the respondent with a verified petition dated January 9, 2018, containing four charges of professional misconduct. The respondent filed a verified answer dated February 13, 2018. The Grievance Committee served and filed a statement of disputed and undisputed facts dated February 28, 2018, pursuant to 22 NYCRR 1240.8(a)(2), and the respondent filed a response to the Grievance Committee's statement of disputed and undisputed facts dated March 13, 2018. By decision and order on application dated April 4, 2018, the issues raised were referred to the Honorable Elaine Jackson Stack, as Special Referee, to hear and report. The Grievance Committee and the respondent now jointly move pursuant to 22 NYCRR 1240.8(a)(5) for discipline by consent, and request the imposition of a public censure. As provided for in 22 NYCRR 1240.8(a)(5)(i), the parties have submitted a joint affirmation dated March 9, 2019, in support of the motion. In addition, the respondent has submitted an affidavit sworn to on March 4, 2019, attesting, inter alia, to various mitigating circumstances. By virtue of the stipulation presented with the joint affirmation, the parties have agreed that the following factual specifications are not in dispute:
In May 2015, Jean Pierre Mikhael (hereinafter Jean Pierre) was convicted in the [*2]United States District Court, Southern District of New York, of conspiracy to distribute marijuana (see 21 USC §§ 841[a][1]; 846) and distribution and possession with intent to distribute oxycodone (see 21 USC § 841[a][1]). On December 16, 2015, Jean Pierre was sentenced to 15 months incarceration, and was ordered to surrender on January 22, 2016.
On or about January 13, 2016, Jean Pierre contacted the respondent's office and inquired about appealing his conviction. On or about January 18, 2016, the respondent had a telephone conversation with Jean Pierre and advised that he would review the trial transcript on or about January 20, 2016. The respondent received the trial transcript on or about January 20, 2016. On January 20, 2016, Sami S. Mikhael (hereinafter Sami), the father of Jean Pierre, paid a $5,000 legal fee to the respondent's law firm by telephonically authorizing the firm to charge that amount to his credit card account.
By letter dated January 21, 2016, filed electronically in the United States District Court, Southern District of New York, the respondent advised the court that he had been retained by Jean Pierre "in order to assist him with an appeal of the trial and sentence imposed" in the matter. In addition, the respondent requested that the court adjourn Jean Pierre's surrender to February 12, 2016. That request was granted.
On January 29, 2016, the respondent met with Jean Pierre and Sami at the respondent's office, where the respondent advised Jean Pierre and Sami that a motion for leave to file a late notice of appeal could be filed. The respondent also advised Jean Pierre and Sami that the legal fee would be $15,000. That same day, Sami paid the $15,000 legal fee on behalf of Jean Pierre. No retainer agreement was presented to Jean Pierre or Sami at the meeting. At that meeting, the respondent advised that he would prepare the motion for leave to file the late notice of appeal. The respondent knew, or should have known, that the last day on which a notice of appeal could have been filed was December 31, 2015, and that the court could only extend the deadline by a maximum of 30 days, to February 1, 2016. On February 3, 2016, the respondent's office sent a retainer agreement to Jean Pierre via email. On February 4, 2016, Jean Pierre, via email, sent a signed copy of the retainer agreement to the respondent's office.
On February 9, 2016, the respondent filed the motion for leave to file a late notice of appeal. The motion was denied in an order dated February 16, 2016, as it was filed eight days beyond the last date by which the court could extend the time for Jean Pierre to file his notice of appeal.
By letter dated March 15, 2016, Sami requested a refund of the $20,000 legal fee paid to the respondent. In a written response to Sami dated March 18, 2016, the respondent advised that he had not failed to timely file a notice of appeal because the respondent was not retained until Jean Pierre signed the retainer agreement and returned it to the respondent. The respondent offered to return $7,000 of the legal fee previously paid. By letter dated March 21, 2016, Sami rejected the respondent's offer to return $7,000. The respondent and Sami engaged in further discussions regarding a refund and in a letter dated April 12, 2016, sent via email and facsimile transmission to Sami, the respondent offered to return $10,000 to Sami in exchange for Sami signing a release. No funds were returned at that time.
In June 2016, Sami filed a complaint of professional misconduct against the respondent with the Grievance Committee. On August 2, 2016, the respondent submitted a written response to the complaint. That response included the following statements: (1) that the respondent was in Manhattan attending a Bar Association meeting on January 29, 2016, and did not meet the Mikhaels on that date; and (2) that the respondent was immediately forwarding a check to Sami in the amount of $7,000. On February 6, 2017, the respondent sent a check for $7,000 to Sami's attorney.
On February 8, 2017, the respondent appeared with counsel and testified under oath before the Grievance Committee. During his testimony the following statements were made by the respondent: (1) the respondent was unaware that Sami paid the respondent's firm a $15,000 retainer on January 29, 2016; (2) the respondent was in Manhattan all day on January 29, 2016; (3) Jean Pierre made an appointment to meet with the respondent at the respondent's office on February 1, 2016; (4) Jean Pierre cancelled the appointment to meet with the respondent at the respondent's office on February 1, 2016; and (5) the respondent met with Jean Pierre and Sami for the first time on February 3, 2016. In a supplemental answer dated February 28, 2017, the respondent stated, inter alia, that: (1) he did in fact meet with Sami on January 29, 2016; and (2) that on January 29, 2016, Sami paid an additional legal fee of $15,000 to the respondent.
As required, the respondent conditionally admits the foregoing facts, and that those facts establish that he: (1) neglected a legal matter entrusted to him, in violation of rule 1.3 of the Rules of Professional Conduct (22 NYCRR 1200.0); (2) failed to promptly refund part of a fee paid in advance that he had not earned, in violation of rule 1.16(e) of the Rules of Professional Conduct (22 NYCRR 1200.0); (3) engaged in conduct prejudicial to the administration of justice, in violation of rule 8.4(d) of the Rules of Professional Conduct (22 NYCRR 1200.0); and (4) engaged in conduct that adversely reflects on his fitness as a lawyer, in violation of rule 8.4(h) of the Rules of Professional Conduct (22 NYCRR 1200.0). The respondent consents to the agreed discipline of a public censure, which consent is given freely and voluntarily, without coercion or duress. Lastly, the respondent states that he is fully aware of the consequences of consenting to such discipline, having discussed the consequences thereof with his attorney.
In mitigation, the respondent asserts, inter alia, that his wife suffers from serious debilitating medical issues such that he has become her caretaker; that he himself suffers from a host of different medical issues, for which medical documentation has been provided; that he is now disabled; that his declining health and that of his wife directly impacted the handling of the case; that the inconsistent statements he made in this proceeding were a consequence of the totality of stresses he was experiencing, and not an attempt on his part to deceive anyone; that prior to becoming disabled, for his entire legal career, he had been an active member of the Nassau Criminal Courts Bar Association, including serving as its president, and in that role helped to lead the charge to have the death penalty declared unconstitutional in New York State; that in his career as a lawyer, he provided pro bono services to countless individuals and groups, including serving on the civil pro bono panel for the United States District Court, Eastern District of New York; and that in recognition of his contributions, he received in 2014 the New York State Bar Association's award for "Outstanding Contribution to Criminal Law Education."
The parties agree that there are aggravating factors presented, in particular, a prior disciplinary history consisting of a public censure in 2018 and two admonitions in 2015.
As to the appropriate sanction, the parties contend that the public censure requested is in accord with precedent from this Court under similar circumstances.
Based on the foregoing, we find that the joint motion for discipline by consent pursuant to 22 NYCRR 1240.8(a)(5) should be granted, and that a public censure is warranted in view of the respondent's admitted misconduct as well as the aggravating and mitigating factors presented herein.
SCHEINKMAN, P.J., MASTRO, RIVERA, DILLON and BALKIN, JJ., concur.
ORDERED that the joint motion pursuant to 22 NYCRR 1240.8(a)(5) for discipline by consent is granted; and it is further,
ORDERED that the respondent, Anthony J. Colleluori, admitted as Anthony John Colleluori, is publicly censured for his misconduct.
ENTER:
Aprilanne Agostino
Clerk of the Court